IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02677-RPM

FRED KAFER,

     Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

     Defendant.

___

ORDER DENYING SUMMARY JUDGMENT
___

Fred Kafer seeks underinsured motor vehicle coverage under an insurance policy purchased from Allstate Fire and Insurance Casualty Insurance Company (Allstate) through an insurance agent in Cheyenne, Wyoming. The policy excludes such coverage for bodily injury sustained while the insured person is operating a motor vehicle which is not insured under the policy.

The plaintiff was injured while operating a motorcycle struck by an automobile driven by a driver who disregarded a stop sign at an intersection in Aurora, Colorado. The motorcycle was not an insured vehicle on the policy.

The policy expressly states as follows:

What Law Will Apply

This policy is issued in accordance with the laws of Wyoming and covers
property or risks principally located in Wyoming. Subject to the following
paragraph, any and all claims or disputes in any way related to this policy shall
be governed by the laws of Wyoming.

> If a covered loss to the auto, a covered auto accident, or any other occurrence for which coverage applies under this policy happens outside Wyoming, claims or disputes regarding that covered loss to the auto, covered auto accident, or other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to the auto, covered auto accident or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

At the times the policy was applied for and issued, Fred Kafer lived in Colorado. If Colorado law applies to this contract claim, there is coverage despite the exclusion because Colorado has a very expansive view of the obligation of automobile insurance companies to protect persons from financial loss caused by financially irresponsible motorists. *Apodaca v. Allstate Ins. Co.,* 232 P.*3d* 253, 259 (Colo.Ct.App. 2009). The driver who hit Fred Kafer's motorcycle had only $15,000.00 of liability insurance.

Wyoming makes it optional for insurance companies to offer underinsured motorist coverage.

The plaintiff argues that he thought he was buying a Colorado policy. He had previously purchased a homeowner's policy from the same agent for a vacation home in Wyoming. The agent was authorized to sell insurance in both states.

Under Colorado's choice of law principles, a choice of law provision in a contract is enforceable unless it contravenes a strong public policy in Colorado law. That, of course, is the plaintiff's position.

The strength of Colorado's policy of protecting its citizens from losses like that in this case is strongly expressed both in its statutes and by its highest court. *DeHerrera v. Sentry Insurance Company*, 30 P.3d 167 (Colo. 2001).

The issuing agent did not caution the plaintiff that he was buying a policy governed by Wyoming law and the second paragraph of the exclusion language of the policy could be construed to say that Colorado law may be applicable as this collision was an "occurrence" that happened outside Wyoming.

The exclusion relied on by the defendant is contrary to the public policy of Colorado and it is therefore

ORDERED that the defendant's motion for summary judgment is denied.

Dated:   June 6th, 2012

                                BY THE COURT:

                                s/Richard P. Matsch

                                _____

                                Richard P. Matsch, Senior District Judge